**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2061
_____

JOHN TOTH,
                    Appellant
v.

VITALITY MEDICAL SUPPLIES;
BRAD PACKARD, Co-Founder of Vitality Medical Supplies;
RUKIYA PACKARD, Co-Founder of Vitality Medical Supplies;
ALL VITALITY EMPLOYEES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:24-cv-00968)
Chief District Judge: Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 26, 2025

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: December 23, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant John Toth appeals from the District Court's order dismissing his amended complaint. For the reasons that follow, we will affirm the District Court's judgment.

In 2024, Toth filed a complaint in the District Court against Vitality Medical Supplies ("Vitality"), its co-founders, and all of its employees. Toth alleged that in 2022, he ordered a nebulizer from Vitality that took 49 days to arrive. Toth claimed that during those 49 days, he suffered from severe COPD attacks without significant relief. He maintained that the delay in delivery violated the Federal Food, Drug, and Cosmetic Act ("FDCA") and the Americans with Disabilities Act ("ADA").

After granting Toth leave to proceed in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed it but granted him leave to amend. In his amended complaint, Toth included allegations that before he placed his order, he called Vitality and spoke with someone who told him that the nebulizer would arrive one to three days after he ordered it. He sought to bring a negligence claim based on this representation. The District Court again screened his complaint and dismissed it for failure to state a claim, this time with prejudice. Toth timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Toth's allegations liberally and exercise plenary review over the District Court's dismissal of his

2

amended complaint for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In his appellate brief, Toth primarily challenges the District Court's rulings on his ADA and FDCA claims. However, his amended complaint is the operative complaint, and he did not replead those claims there. We may nevertheless review the District Court's dismissal of Toth's FDCA claim, which was dismissed on legal grounds, and agree with the District Court that "violations of the FDCA do not create private rights of action."[1] See Gile v. Optical Radiation Corp., 22 F.3d 540, 544 (3d Cir. 1994); see also Palakovic v. Wetzel, 854 F.3d 209, 221 (3d Cir. 2017) (explaining that we may review the dismissal of a claim that was not repleaded in an amended complaint when the dismissal was "on legal grounds, rather than due to a lack of factual specificity").

Toth does not challenge the District Court's conclusion that he had not alleged that defendants owed him a duty of care such that he could sustain a negligence claim against them. See Townsend v. Pierre, 110 A.3d 52, 61 (N.J. 2015) (explaining that to state a cause of action for negligence, a plaintiff must establish "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages") (citation and quotation marks

---

[1] We note that even if we could review Toth's ADA claim, he did not allege that he was denied any good or service "on the basis of disability" by claiming that it took 49 days for his purchase of a nebulizer to arrive. See 42 U.S.C. § 12182(a).

3

omitted); see also In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any claims that are not raised in an appellant's opening brief are forfeited).

Finally, Toth had an opportunity to amend his complaint and has not raised anything on appeal suggesting that he could state a claim regarding the delivery of the nebulizer if given another chance to amend. Accordingly, the District Court did not abuse its discretion in concluding that granting Toth further leave to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the judgment of the District Court.